NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONSO IGNACIO ZEPEDA LOPEZ, | No.   18-72709 |
| Petitioner, | Agency No. A099-932-326 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021[**]
Pasadena, California

Before:  GOULD, OWENS, and VANDYKE, Circuit Judges.

Petitioner Alfonso Ignacio Zepeda Lopez ("Petitioner") seeks review of the

Board of Immigration Appeals' dismissal of his withholding of removal claims

under both the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").[1]   We have jurisdiction under 8 U.S.C. § 1252(a),[2] and we deny the petition.[3]

First, substantial evidence supports the BIA's denial of Petitioner's withholding of removal claim. *See Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) ("We review denials of … withholding of removal … for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." (internal quotation marks and citation omitted)).  Specifically, the record does not compel a conclusion contrary to the BIA's determination that Petitioner did not show he experienced any harm rising to the level of past persecution.  *See Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (noting the substantial evidence "standard of review is extremely deferential: administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary" (internal quotation marks and citations omitted)).  Petitioner could not recall experiencing any past harm in

[1] We do not address the agency's denial of cancellation of removal or asylum because Petitioner did not raise those issues in his opening brief before this court. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).  For similar reasons, we do not address the IJ's competency finding or determination that Petitioner was deportable as charged.

[2] *See also Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020) (determining that "§ 1252(a)(2)(C) and (D) do not preclude judicial review of a noncitizen's factual challenges to a CAT order").

[3] The parties are familiar with the facts, so we do not repeat them here.

Mexico. And his mother's testimony of a single incident where Petitioner as a young child threatened to return her to her captors, does not, without more, establish that he was brainwashed or otherwise experienced any psychological trauma rising to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks and citation omitted)). As Petitioner has not established that any past harm rises to the level of persecution, he is not entitled to a rebuttable presumption of future persecution. *See* 8 C.F.R. §§ 1208.16(b)(1)(i)-(iii).

Nor does the record compel a conclusion contrary to the BIA's determination that Petitioner's ties to his mother was not a reason for the cartels to target him. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017); 8 U.S.C. § 1231(b)(3)(A). Petitioner admitted that he did not know who kidnapped his mother or why she was kidnapped, nor did he know of any other family members having problems in Mexico. Petitioner also stated that he did not fear any particular person in Mexico, but rather, feared cartels in general. But "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The evidence does not compel a determination that Petitioner established the requisite nexus between the harm he alleges and the protected ground

he relies on, which is fatal to his withholding of removal claim.[4] *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016) ("The lack of a nexus to a protected ground is dispositive of [the petitioner's] asylum and withholding of removal claims."); 8 U.S.C. § 1231(b)(3)(A).

Second, substantial evidence supports the BIA's denial of Petitioner's CAT claim. *See Guo*, 897 F.3d at 1212. Specifically, the record does not compel a conclusion contrary to the BIA's determination that Petitioner did not establish a probability of harm rising to the level of torture at the acquiescence of the government. *See Jiang*, 754 F.3d at 738. Petitioner's testimony that he did not recall any past harm, that he did not know the reason for his mother's kidnapping, that he did not know why cartels would target him, and his primary reliance on generalized information in country reports supports the BIA's determination that Petitioner did not establish a particularized probability of torture upon removal. *See* 8 C.F.R. § 1208.16(c)(2); *Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam) (determining that the State Department reports "do not indicate that [the petitioner] would face any particular threat of torture beyond that of which all citizens of [that country] are at risk"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148,

---

[4] Given the lack of requisite nexus, and the BIA's focus on lack of past persecution and lack of nexus, we do not address Petitioner's argument that he established an objectively reasonable fear of future persecution. *See Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) ("We cannot affirm the BIA on a ground upon which it did not rely." (internal quotation marks and citation omitted)).

1152 (9th Cir. 2010) (per curiam) (generalized evidence of violence and crime in Mexico not particular to petitioners was insufficient to establish CAT eligibility).

**PETITION DENIED.**